IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY TRENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-715-GPM |
| | ) |
| OHIO NATIONAL LIFE INSURANCE | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

### I. INTRODUCTION

This matter is before the Court on an appeal from an order by United States Magistrate Judge Philip M. Frazier granting Plaintiff Jerry Trent leave to file an amended complaint (Doc. 18). Trent filed this case originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, on August 17, 2010. In Trent's original complaint in this case, he asserted a claim for breach of contract against Defendant Ohio National Life Insurance Company ("Ohio National") based on Ohio National's refusal to pay a claim by Trent on a policy of disability insurance issued to Trent by Ohio National. Trent's original complaint also asserted a claim for breach of fiduciary duty against then-Defendant John A. Vassen, alleging that Vassen is an insurance broker who procured for Trent his policy of disability insurance from Ohio National and who, Trent alleged, failed to procure a proper policy of disability insurance for Trent. On August 20, 2010, Ohio National was served with Trent's original complaint. On September 17, 2010, Ohio National removed this case from state court to this Court, asserting federal subject matter jurisdiction on the

basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Although both Trent and Vassen are citizens of Illinois, Ohio National claimed that Vassen had been fraudulently joined to defeat diversity because Vassen is not an insurance broker and did not procure any policy of disability insurance for Trent. Accordingly, Ohio National argued, the Court could disregard Vassen as a party to this action.

It appears that Ohio National's allegations concerning Vassen are correct, because on October 16, 2010, Trent filed a motion for leave to amend his complaint; the proposed amended complaint omitted Vassen as a party Defendant and in Vassen's stead joined Defendant John Bassett, an insurance broker based in Belleville, Illinois, who, Trent alleged, procured an unsuitable policy of disability insurance for Trent from Ohio National. Also on October 16 Trent filed a motion for remand of this case to state court for lack of subject matter jurisdiction. The basis for the remand motion is that, although Vassen is not a proper party to this case inasmuch as he is not an insurance broker and never procured insurance for Trent, Bassett, who is, like Trent, an Illinois citizen, is a proper party to the case inasmuch as he, Bassett, in fact is the insurance broker who procured for Trent the policy of disability insurance issued to Trent by Ohio National. On October 21, 2010, Magistrate Judge Frazier granted Trent leave to file an amended complaint. On October 25, 2010, Trent filed his amended complaint. In the amended complaint Trent continues to allege breach of contract against Ohio National based on the insurer's denial of Trent's claim on his disability insurance, and adds claims of breach of fiduciary duty and negligence against Bassett and Bassett's insurance brokerage, Bassett and Associates. Ohio National now appeals from Magistrate Judge Frazier's October 21 order granting Trent leave to amend his complaint. Having considered the matter carefully, the Court rules as follows.

## II. DISCUSSION

As an initial matter, the Court notes the standard under which it must evaluate an appeal from an order of a magistrate judge. Pursuant to 28 U.S.C. § 636, with exceptions not pertinent here, "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court[.]" 28 U.S.C. § 636(b)(1)(A). Further, "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id*. Rule 72 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). The rule states further that "[a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to." *Id*. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*. *See also Westefer v. Snyder*, 472 F. Supp. 2d 1034, 1036 (S.D. Ill. 2006). Finally, the Court's Local Rules provide, in pertinent part:

> Any party may appeal a Magistrate Judge's order determining a motion or matter within **14 days** after issuance of the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. The party shall file with the Clerk of Court and serve on all parties a written request for an appeal which shall specifically designate the order or part of the order that the parties wish the Court to reconsider. A District Judge shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. A District Judge may also reconsider sua sponte any matter determined by a Magistrate Judge under this rule.

SDIL-LR 73.1(a) (emphasis in original).

In general, motions for leave to amend pleadings, and orders thereon, are non-dispositive within the meaning of Rule 72(a). *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006); *Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 660 (7th Cir. 1999) (citing *United States v. Brown*, 79 F.3d 1499, 1503 (7th Cir. 1996)); *Hart v. Dow Chem.*, 95 C 1811, 1997 WL 627645, at *4 (N.D. Ill. Sept. 30, 1997). The clearly erroneous standard of review prescribed by 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) means that "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). *See also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) ("[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); *In re Love*, 957 F.2d 1350, 1354 (7th Cir. 1992) (quoting *EEOC v. Sears, Roebuck & Co.*, 839 F.2d 302, 309 (7th Cir. 1988)) ("[R]eversal under the clearly erroneous standard is only warranted if 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"). Moreover, where a court is reviewing a decision for clear error, it is not the role of the reviewing court to chose between two permissible views of the evidence, and a lower court's choice cannot be clearly erroneous when there are two permissible conclusions that can be drawn from the evidence. *See Bennett v. Local Union No. 66*, 958 F.2d 1429, 1433 (7th Cir. 1992) ("Where two permissible conclusions may be drawn from the evidence, the factfinder's choice between them is not clearly erroneous, even though we might be convinced that we would have weighed the evidence differently."); *Tyson v. Jones & Laughlin Steel Corp.*, 958 F.2d 756, 759 (7th Cir. 1992) ("Where

there are two permissible views of the evidence, the factfinder's choice between them *cannot be clearly erroneous*.") (emphasis in original).

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that the parties to a case be of diverse state citizenship and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). With respect to natural persons, to invoke diversity jurisdiction a natural person must be alleged to be a citizen of a state, with the state of the person's citizenship being the state where the person is domiciled, that is, the state where the person is physically present with the intent to remain there indefinitely. *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction."); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996) (stating that "'[c]itizenship' for purposes of [28 U.S.C.] § 1332 means domicile rather than residence" and that "it takes physical presence in a state, with intent to remain there, to establish domicile."). The state citizenship of a corporation for diversity purposes is the state where the corporation is incorporated and the state where the corporation has its principal place of business, that is, the corporation's headquarters or "nerve center." *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010); *Illinois Bell Tel. Co. v. Global NAPs Ill., Inc.*, 551 F.3d 587, 590 (7th Cir. 2008); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777-78 (7th Cir. 1986); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981). Finally, "[f]or a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) (citing *Strawbridge v. Curtiss*,

7 U.S. (3 Cranch) 267 (1806)). *See also Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997) ("For almost two centuries the diversity statute has been interpreted to require 'complete' diversity of citizenship (meaning that none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen)"); *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) ("Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party.").

In this instance it appears that the jurisdictional amount in controversy is satisfied. A demand letter served by Trent's attorney on Ohio National estimates Trent's damages at $3,000 per month since November 2008, when Trent first suffered the disability giving rise to his claim on his policy of disability insurance from Ohio National. *See* Doc. 6-6. *See also Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (holding that the amount in controversy was established by a plaintiff's settlement demand of between $180,000 and $200,000). If so, then by Trent's own assessment, his actual damages as of the date this suit was filed total approximately $66,000. Additionally, in the same demand letter Trent's attorney requested $60,000 in attorney's fees pursuant to 215 ILCS 5/155 for Ohio National's vexatious refusal to pay Trent's claim. *See* Doc. 6-6. *See also Sarnoff v. American Home Prods. Corp.*, 798 F.2d 1075, 1078 (7th Cir. 1986) (where attorneys' fees are recoverable as a matter of law or contract, they may be reckoned into the jurisdictional amount for diversity purposes). However, diversity of citizenship is not complete. Ohio National is a corporation organized under Ohio law with its principal place of business in Ohio, and therefore Ohio National is a citizen of Ohio for diversity purposes. However, Trent is a citizen of Illinois, as is Bassett. The record is not clear as to the citizenship of Bassett and Associates for

diversity purposes. The Court can take judicial notice of public records and government documents, including those available from reliable sources on the Internet. *See, e.g., Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002) (taking judicial notice of information from the official website of the Federal Deposit Insurance Corporation); *Bova v. U.S. Bank, N.A*., 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) ("The Court may of course judicially notice public records and government documents, including those available from reliable sources on the Internet.") (collecting cases). The online records of corporations maintained by the Illinois Secretary of State (accessible at http://www.ilsos.gov/corporatellc) reflect that Bassett Agency, Inc., is a corporation organized under Illinois law of which John Bassett is president, secretary, and agent for service of process and which shares the same business address in Belleville as Bassett and Associates (which in fact actually is named Bassett Associates). Assuming that the entity named in Trent's operative complaint as Bassett and Associates in truth is Bassett Agency, Inc., then Bassett and Associates is, like Trent, an Illinois citizen.

As Ohio National points out, where, as here, a diversity-defeating party is joined after removal, the question of joinder is governed by 28 U.S.C. § 1447. That statute provides, in relevant part, that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "When joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court. These are the only options; the district court may not permit joinder of a nondiverse defendant *and* retain jurisdiction." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) (citing *Jass v.*

*Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996)) (footnote omitted) (emphasis in original). "A district court has discretion to permit or deny post-removal joinder of a nondiverse party, and the court should balance the equities to make the determination." *Id*. Specifically, in determining whether to allow post-removal joinder of a non-diverse party, a court should examine: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id*. (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). *See also Brown v. Alter Barge Line, Inc.*, 461 F. Supp. 2d 781, 784 (S.D. Ill. 2006) ("[I]n determining whether to permit joinder of a diversity-defeating party, a court should consider the plaintiff's motivation in seeking to join the additional party, the timeliness of the request, the prejudice to the parties, and other equitable considerations, including the defendant's interest in a federal forum."). Additionally, a court may consider whether a non-diverse party sought to be joined after removal is being fraudulently joined to defeat diversity:

> [A]lthough the fraudulent joinder doctrine is not directly applicable to the post-removal context, it can be a relevant factor for determining whether to permit joinder under [28 U.S.C.] § 1447(e). This is particularly so where, as here, the district judge did not have an opportunity to analyze the propriety of joining nondiverse defendants at the time the plaintiff sought to amend the complaint. But the fraudulent joinder doctrine is not *dispositive* of whether joinder is improper; it is simply another tool in the district judge's belt for scrutinizing the plaintiff's motive for joining a nondiverse party. After all, the doctrine is but one means to discern whether the plaintiff sought only to destroy complete diversity.

*Schur*, 577 F.3d at 764 (citing *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999)) (emphasis in original). With the foregoing standards in mind, the Court turns to the matter of whether Magistrate Judge Frazier's October 21 order is clearly erroneous or contrary to law.

An examination of the factors set out in *Schur* demonstrates readily that it was correct for Magistrate Judge Frazier to permit Trent to amend his complaint. With respect to Trent's motive for seeking to join Bassett and Bassett and Associates, it appears that Trent's motive is simply that he thinks, rightly or wrongly, that he has a cause of action against the non-diverse parties. *See Darnell v. Hoelscher Inc.*, Cause No. 09-cv-204-JPG, 2010 WL 3119425, at *3 (S.D. Ill. Aug. 4, 2010) (a belief that a non-diverse defendant has "potential liability" to a plaintiff is "clearly a legitimate motive for wanting to bring a [non-diverse] party into a case."). As to the timeliness of Trent's request for leave to amend, the request plainly is timely. As discussed, this case was filed a little over two months ago, and it appears that, as soon as Trent learned from Ohio National's removal papers that he had sued the wrong Defendant, Vassen, he promptly sought leave to amend his complaint to name the correct Defendants, Bassett and Bassett and Associates. Delays substantially longer than the few weeks that elapsed from the time this case was removed to the time that Trent sought leave to amend his complaint have been held not to preclude a post-removal amendment of a complaint to join a diversity-defeating party. *See, e.g., Schur*, 577 F.3d at 767 (delay of approximately one year in seeking to join non-diverse parties did not bar amendment to join the parties); *Johnson v. General Motors Corp.*, No. 03-865-MJR, 2004 WL 5477533, at **1-2 (S.D. Ill. Aug. 31, 2004) (delay of several months). Finally, with respect to the balance of harms and equitable considerations, the Court recognizes Ohio National's interest in a federal forum but does not believe that this interest outweighs Trent's interest in not being obliged to pursue his claims against Bassett and Bassett and Associates in a separate suit in state court. *See Schur*, 577 F.3d at 768 ("[W]e recognize [the removing defendant's] interest in avoiding the potential biases of local courts, but we must also consider [the plaintiff's] interest in avoiding the

cost and inconvenience of parallel lawsuits in state and federal court.") (citation omitted). "This Court, along with other district courts in the Seventh Court, is not in favor of such parallel litigation and the resulting strain on the judiciary, and accordingly, have freely granted leave to amend to add a non-diverse defendant so as to avoid contributing to such duplicative litigation and waste." *Johnson*, 2004 WL 5477533, at *2 (collecting cases). *See also County of Cook v. Philip Morris, Inc.*, No. 97 C 3295, 1997 WL 667777, at *4 (N.D. Ill. Oct. 17, 1997) ("Plaintiff assures the court that it will proceed with a separate action in state court against the non-diverse [defendants sought to be joined after removal] in the event the court denies its motion for leave to amend complaint . . . . Plaintiff contends that a single trial on the merits of this action will accommodate equity, economy, and efficiency.  The court agrees."); *Goutanis v. Mutual Group (US)*, No. 92 C 1689, 1995 WL 86588, at *7 (N.D. Ill. Feb. 24, 1995) (holding that joinder of non-diverse parties was "necessary to a full determination" of the case and that "[t]he rights of all parties should be determined in one trial."); *Vasilakos v. Corometrics Med. Sys., Inc.*, No. 93 C 5343, 1993 WL 390283, at *4 (N.D. Ill. Sept. 30, 1993) (allowing joinder of a non-diverse party: "The plaintiffs are more likely to be prejudiced if forced to pursue multiple litigation in federal and state court than [the removing defendant] would be by defending the suit in state court.  In fact, federal civil practice encourages the joinder of claims and parties in order to better accommodate judicial efficiency and to avoid wasteful duplication."); *Todd v. Societe Bic*, No. 90 C 5487, 1990 WL 208906, at *1 (N.D. Ill. Nov. 30, 1990) (citing *Hensgens*, 833 F.2d at 1182) ("[B]y allowing the motion to amend and remand, the court will preclude the possibility of having inconsistent verdicts between . . . state and federal cases.  In sum, 'the balance of the equities' weighs in favor of granting plaintiff's motion to amend the complaint and to remand the case to [state court].").

Finally, considerations of whether Bassett and Bassett and Associates have been fraudulently joined to defeat diversity jurisdiction do not weigh in favor of overturning Magistrate Judge Frazier's order granting Trent leave to amend his complaint. Although, as discussed, the exercise of jurisdiction in diversity requires that diversity of citizenship be complete, a court must disregard a defendant that has been fraudulently joined. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). In the Seventh Circuit a defendant is fraudulently joined when "there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant[ ] in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). A defendant seeking removal based on fraudulent joinder has the "heavy" burden of proving that, after the court resolves all issues of law and fact in the plaintiff's favor, there is no possibility the plaintiff can establish a cause of action against the diversity-defeating defendant in a state court. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). All of Trent's causes of action against Bassett and Bassett and Associates are correctly alleged under Illinois law, and Ohio National's allegations of fraudulent joinder with respect to those parties amount to an attempt to try Trent's claims against the non-diverse parties on their merits. However, "in ruling on a claim of fraudulent joinder, the Court is not to pretry the merits of a claim. The Court's role in evaluating allegations of fraudulent joinder is to determine whether Plaintiff's complaint provides a reasonable basis for predicting that the plaintiff might be able to recover against an instate defendant, not to ascertain the merits of the claim." *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1096 (S.D. Ill. 2007) (internal citation and brackets omitted). In *Schur* the court pointed out that, in evaluating fraudulent joinder, "the burden is even more favorable to the plaintiff than the standard that applies to a motion to dismiss

under Federal Rule of Civil Procedure 12(b)(6)[.]" 577 F.3d at 764.  Under the circumstances of this case, it is Ohio National's burden to submit to the Court summary evidence that establishes incontrovertibly that Bassett and Bassett and Associates have no connection to the controversy giving rise to this case.  *See, e.g., Doles v. Johnson & Johnson*, Civil No. 09-862-GPM, 2009 WL 3349806, at *3 (S.D. Ill. Oct. 19, 2009) (collecting cases).  In this case, the kind of summary evidence that would establish fraudulent joinder is evidence that, for example, Bassett never was an insurance broker, or that he was an insurance broker but never brokered policies issued by Ohio National or never brokered a policy of disability insurance for Trent.  Naturally, Ohio National does not claim any of these things, nor can it claim them.  There is nothing in the record to suggest that Bassett and Bassett and Associates have been fraudulently joined to defeat diversity jurisdiction.  The Court concludes that Magistrate Judge Frazier's order granting Trent leave to amend his complaint is neither clearly erroneous nor contrary to law.  Accordingly, this case must be remanded to state court for lack of federal subject matter jurisdiction in diversity.

### III. CONCLUSION

Magistrate Judge Frazier's order granting Trent leave to amend his complaint is **AFFIRMED**.  Pursuant to 28 U.S.C. § 1447(e) and (c), this action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED:  October 28, 2010

/s/ G. Patrick Murphy  
G. PATRICK MURPHY  
United States District Judge